**Kenneth Robert PRESTON, Petitioner,**

v.

**Cecil C. McCALL, et al., Respondents.**

**No. 81–1010–HC.**

United States District Court,
E. D. North Carolina,
Raleigh Division.

April 28, 1982.

Kenneth Robert Preston, pro se.

Patricia Holland, Asst. U. S. Atty., Raleigh, N. C., for respondents.

## ORDER

DUPREE, Chief Judge.

Kenneth Robert Preston petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that the United States Parole Commission has improperly considered certain information in determining his presumptive parole date, that he has been denied a meaningful consideration for parole, and that he has been denied due process of law. Because Preston is incarcerated at the Federal Correctional Institution at Butner, North Carolina, the petition pursuant to 28 U.S.C. § 2241 to this court is the proper vehicle for challenging the Parole Commission's action. *Marshall v. Garrison*, 569 F.2d 440, 441 n.2 (4th Cir. 1981). Respondents have answered the petition, Preston has replied to the Commission's arguments, and the matter is ripe for disposition.

Preston was convicted of aiding and abetting a bank robbery and of aiding and abetting the influencing and intimidation of a witness by threat and force in October, 1979, in the United States District Court for the District of Maryland, and received a ten-year sentence. He had previously been

convicted of a four-count bank robbery charge in the District of Columbia in 1973, for which he received a Youth Corrections Act ("YCA") sentence of six years, which expired on March 9, 1979. During his service of the 1973 sentence, Preston was paroled for a period of time but was re-incarcerated for the remainder of his sentence. Petitioner also has an extensive arrest record, but no other significant convictions. Hearing officers in a regional office of the Parole Commission initially determined that petitioner should have a presumptive release date after service of forty-three months of his sentence. This recommendation was rejected by the Regional Commissioner, who ordered that Preston serve his full ten-year term. The Regional Commissioner's order stated:

"After review of all relevant factors and information presented, a decision above the guidelines appears warranted because you are a poorer risk than indicated by your salient factor score; you have had an on-going pattern of robbery since approximately 1968, including numerous bank robberies and because your history of assaultive behavior indicates a potential for similar behavior in the future; your prior record shows a conviction for four counts of bank robbery while armed. Your present offense behavior involved a bank robbery in which an overt threat of violence was made." Exhibit D to the Petition.

Preston appealed this order and received partial relief, with a final ruling from the National Commission that he have a presumptive release date after service of sixty months.

■ Preston challenges this final order, contending first that his 1973 bank robbery conviction may not be considered because he was entitled under the YCA to receive a certificate setting aside that conviction once he completed service of the term of imprisonment. 18 U.S.C. § 5021(a). To this contention the Commission responds that Section 5021(a) applies only when a committed youth offender is unconditionally discharged "*before* the expiration of the maximum sentence imposed upon him." 18 U.S.C. § 5021(a) (emphasis added). The plain language of the statute supports the Commission's position. Petitioner cites *United States v. Arrington*, 618 F.2d 1119, 1124 (5th Cir. 1980), where the Fifth Circuit stated that expunction of a committed youth offender conviction was automatic upon unconditional discharge at the end of the maximum sentence. It appears that no other case has so held, and this court agrees with the Commission that *Arrington* is contrary to the clear meaning of the statute. The court therefore finds that consideration of the prior conviction was proper and does not reach the Commission's alternative argument that even if Preston is entitled to have the conviction set aside, the Parole Commission can consider it.

■ Preston's second contention is that the Commission may not consider his history of arrests because they are no evidence of any actual wrongdoing. For guidance in addressing this contention, the court turns to *Marshall v. Garrison, supra*, where the Fourth Circuit held that the Commission must have "some relevant, reasonably reliable evidence of the commission of another crime" before it may deny or postpone the granting of parole on the basis of that other crime. *Marshall, supra*, 659 F.2d at 446. The court did not address the question of whether a specific arrest would be such reasonably reliable evidence, but did indicate that the Parole Commission may consider counts of an indictment which have been dismissed. *Id.* Here, the Commission does not contend that the arrests are evidence that Preston committed every crime for which he was arrested, but rather that "it may look at a 'massive' arrest record as 'meaningful background information' to offenses established by conviction, and draw from that total picture a reasonable conclusion that a parole applicant presents a significant risk to the public welfare." Answer to Petition at 8. The court concludes that in light of the fact that the arrest record here was only one of several reasons for delaying parole and that the arrest record is unusually severe, the Parole Commission did not err in taking it into account.

Preston's claims that he was denied due process and denied meaningful consideration are clearly without merit.

For these reasons, the petition must be and is hereby denied.

SO ORDERED.